IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JUAN GARCIA-MEZA, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>CONVERGENT OUTSOURCING, INC.,<br><br>Defendant. | CASE NO. __22-cv-7090__<br><br>DEMAND FOR JURY TRIAL |

## NOTICE OF REMOVAL

Defendant Convergent Outsourcing, Inc. ("COI"), pursuant to 28 U.S.C. §§ 1332(d), 1441, 1446, and 1453, removes this action from the Circuit Court of Cook County, Illinois, County Department, Chancery Division, to the United States District Court for the Northern District of Illinois, Eastern Division.

Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders served upon COI in the Circuit Court case are attached as **Exhibit A** to this Notice. COI will file a copy of this Notice with the Circuit Court.

The grounds for removal are as follows:

### I.   FACTUAL BACKGROUND[1]

1.   In October 2022, COI announced a data security incident involving unauthorized access to its systems that impacted some consumer personal informational information. On November 9, 2022, Juan Garcia-Meza ("Plaintiff"), on his own behalf and on behalf of other

---

[1] For purposes of this Notice only, COI assumes the truth of allegations set forth in the Complaint. However, COI denies that it has any liability to Plaintiff or to the class he seeks to represent.

consumers, filed a putative class action complaint against COI in the Circuit Court of Cook County, Illinois, County Department, Chancery Division, styled *Garcia-Meza v. Convergent Outsourcing, Inc.*, Case No. 2022-CH-11028, alleging claims for (i) violation of the Illinois Consumer Fraud and Deceptive Business Practices Act; (ii) negligence; and (iii) invasion of privacy by public disclosure of private facts and intrusion upon seclusion. (Ex. A, Compl. ¶¶ 67-86.)

2.  Plaintiff alleges that he is among "hundreds of thousands" (*id.* ¶¶ 1, 7, 26) of similarly situated consumers who were impacted by the data security incident and seeks certification of a National Class and an Illinois Sub-Class. (*Id.*, ¶ 57.) Plaintiff seeks relief including compensatory damages; statutory damages; nominal damages; punitive damages; injunctive relief, including credit monitoring, identity theft insurance, security protocols, and compliance audits; interest; costs; and attorneys' fees. (*Id.*, Prayer for Relief.)

## II.  REMOVAL IS TIMELY.

3.  Plaintiff filed this lawsuit on November 9, 2022 and served COI with a copy of the summons and Complaint on November 21, 2022, through COI's registered agent. (Ex. A, Service of Process). COI timely removed this action within thirty (30) days of the receipt of the Complaint. 28 U.S.C. § 1446(b); *see also Murphy Bros. v. Michetti Pipe Stinging, Inc.*, 526 U.S. 344, 348 (1999) (time period for removal begins when the defendant is served).

4.  No previous Notice of Removal has been filed or made with this Court for the relief sought herein.

## III.  THIS COURT HAS ORIGINAL JURISDICTION UNDER THE CLASS ACTION FAIRNESS ACT.

5.  This Court has original jurisdiction under the Class Action Fairness Act of 2005 ("CAFA") because this case (i) is pled as a putative class action, (ii) with over 100 proposed

plaintiff class members, (iii) that involves a minimal diversity of citizenship among the parties, and (iii) the aggregate amount in controversy exceeds $5 million, exclusive of interest and costs. 28 U.S.C. § 1332(d).

### A. The Complaint is pled as a putative class action.

6. CAFA defines a "class action" as "any civil action under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B).

7. Plaintiff seeks class certification under Illinois Code of Civil Procedure 735 ILCS 5/2-801, which is "patterned after Rule 23 of the Federal Rules of Civil Procedure." *Avery v. State Farm Mut. Auto. Ins. Co.*, 835 N.E.2d 801, 819 (Ill. 2005) ("Given the relationship between these two provisions, federal decisions interpreting Rule 23 are persuasive authority with regard to questions of class certification in Illinois."). Thus, the CAFA requirement that the Complaint is pled as a class action is satisfied. *See* 28 U.S.C. § 1332(d)(1)(B).

### B. Plaintiff alleges a putative class with over 100 proposed members.

8. Plaintiff alleges that the putative class has "hundreds-of-thousands" of members. (Ex. A, Compl. ¶¶ 1, 7, 26.) Accordingly, the 100-person requirement in CAFA is satisfied. *See* 28 U.S.C. § 1332(d)(5)(B).

### C. Minimal diversity of citizenship exists.

9. Federal courts may exercise jurisdiction over a class action if any class member is a citizen of a different state from any defendant. 28 U.S.C. § 1332(d)(2)(A).

10. <u>Plaintiff's and the Putative Class's Citizenship</u>. Plaintiff is a resident of Illinois. (Ex. A, Compl. ¶ 14.) Plaintiff purports to represent a nationwide class of "[a]ll individuals whose PII was exposed while in the possession of Defendant, or any of its subsidiaries and/or agents

during the Data Breach." (*Id.*, ¶ 57.)  Thus, members of the putative class are located in all fifty states.

11.     Defendant's Citizenship. Defendant COI is incorporated in and has its principal place of business in Washington.  A true and correct copy of Washington Secretary of State Records for COI is attached hereto as **Exhibit B**.  The removal statute provides that "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1).  Thus, COI is a citizen of Washington.

12.     Because COI and at least one member of the putative class are citizens of different states, CAFA's minimal diversity requirement is met in this case. *See* 28 U.S.C. § 1332(d)(2)(A) ("any member of a class of plaintiffs is a citizen of a State different from any defendant"); *see also Dancel v. Groupon, Inc.*, No. 18 C 2027, 2018 WL 11141880, at *1 n.2 (N.D. Ill. Dec. 4, 2018) ("Minimal diversity exists when any member of the plaintiff class is a citizen of a state different from any defendant.").

### D.     The CAFA amount in controversy is satisfied.[2]

13.     The final requirement for CAFA jurisdiction—that the amount in controversy exceeds $5 million—is also met in this case. *See* 28 U.S.C. § 1332(d)(2).

14.     "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014) (quoting S. REP. NO. 109-14, at 43 (2005)) ("CAFA's 'provisions should be read broadly, with a strong preference that interstate class actions should be

---

[2] The amounts set forth in this Notice of Removal are solely for purposes of establishing that the amount in controversy exceeds the $5 million threshold and are not intended and cannot be construed as an admission that Plaintiff can state a claim or is entitled to damages in any amount. COI denies liability, denies Plaintiff is injured or entitled to recover any amount, and denies that a class can be properly certified in this matter.

heard in a federal court if properly removed by any defendant.'"). "Evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation." *Dart Cherokee*, 574 U.S. at 89; *see also* 28 U.S.C. § 1446(c)(2)(B).

15.     Courts may consider the combined total amount of alleged actual damages and punitive damages. *Bell v. Preferred Life Assur. Soc. of Montgomery, Ala.*, 320 U.S. 238, 240 (1943) ("Where both actual and punitive damages are recoverable under a complaint each must be considered to the extent claimed in determining jurisdictional amount."). The amount in controversy also includes reasonable attorney's fees, if mandated or allowed by statute or contract. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700 (9th Cir. 2007) ("Section 1332(a)'s amount-in-controversy requirement excludes only 'interest and costs' and therefore includes attorneys' fees."). Finally, the costs of complying with an injunction may establish the amount in controversy. *Dart v. Craigslist, Inc.*, 665 F. Supp. 2d 961, 964 (N.D. Ill. 2009) (quoting *In re Brand Name Prescription Drugs Antitrust Litigation*, 123 F.3d 599, 609 (7th Cir. 1997) ("Looked at from the defendants' standpoint, the minimum amount in controversy would be present if the injunction sought by the plaintiffs would require some alteration in the defendant's method of doing business and that would cost the defendant at least the statutory minimum amount."); *see also Ottawa Twp. Bd. of Trustees v. New Par*, No. 3:17-CV-228, 2017 WL 4512475, at *1 (N.D. Ohio Oct. 10, 2017); *accord Stapleton v. Skyline Terrace Apartments*, No. 5:17-CV-02207, 2018 WL 1315151, at *2 (N.D. Ohio Mar. 14, 2018) (citing *Cleveland Hous. Renewal Project v. Deutsche Bank Tr. Co.*, 621 F.3d 554, 560 (6th Cir. 2010)).

16.     Plaintiff requests the following relief, which, aggregated across the putative class of hundreds of thousands of individuals, places more than $5 million in controversy, exclusive of interests and costs:

<u>Damages</u>: "Plaintiff, on behalf of himself and the Class seeks (i) actual damages, economic damages, emotional distress damages, statutory damages, and/or nominal damages, (ii) punitive damages, [and] (iii) injunctive relief . . . ." (Ex. A, Compl. ¶ 10.) Plaintiff further claims that the class members will incur "costs for credit monitoring services . . . ." (*Id.*, ¶¶ 52(b), (k).)

17. Plaintiff also alleges that identity theft "costs Americans billions of dollars a year" and that "[v]ictims of identity theft typically lose hundreds of hours dealing with the crime, and they typically lose hundreds of dollars." (*Id.*, ¶ 30.)

18. Plaintiff does not clearly allege the amount in damages that the class members have allegedly sustained. However, as Plaintiff recognizes, one potential estimate of the valuation of "tak[ing] remedial steps to protect themselves from future loss . . . in the coming months and years" is the cost of credit monitoring and identity theft services. (*Id.*, ¶ 23.)

19. Three identity-protection agencies—Equifax, LifeLock, and Experian—advertise monthly rates for credit-monitoring services ranging from $9.99 to $24.99.[3] The cost of providing one year of credit-monitoring services at $9.99 per month (the cheapest credit-monitoring service) by 50,000 individuals (Plaintiff alleges that "hundreds of thousands" of individuals make up the class) is approximately $5,994,000. Plaintiff also alleges the class members sustained non-economic damages, which could potentially add to the amount in controversy.

20. As a result, the last CAFA requirement is satisfied by a preponderance of the evidence.

---

[3] *See* https://www.equifax.com/personal/products/credit/monitoring-and-reports/ (last visited December 5, 2022); https://lifelock.norton.com/#planschart (last visited December 5, 2022); https://www.experian.com/consumer-products/compare-identity-theft-products.html (last visited December 5, 2022).

**IV.   RESERVATION OF RIGHTS AND DENIAL OF LIABILITY.**

21.   Nothing in this Notice is intended or should be construed as an express or implied admission by COI of any fact alleged by Plaintiff, of the validity or merit of any of Plaintiff's claims and allegations, or as a limitation of any of COI's rights, claims, remedies, and defenses in connection with this action.

**V.   PLAINTIFF DOES NOT OBJECT TO REMOVAL.**

22.   Prior to filing this Notice, on December 13, 2022, counsel for Defendant notified counsel for Plaintiff of its intent to file this Notice of Removal. In response, Plaintiff's counsel indicated that he had no objection to Removal.

WHEREFORE, COI removes the above-captioned action now pending in the Circuit Court of Cook County, Illinois, County Department, Chancery Division to the United States District Court for the Northern District of Illinois.

Dated: December 16, 2022          Respectfully submitted,

*/s/ Maria Boelen*
Maria Boelen
**BAKER & HOSTETLER LLP**
One North Wacker Drive
Suite 4500
Chicago, IL 60606
mboelen@bakerlaw.com
Telephone: (312) 416-6200
Facsimile: (312) 416-6201

*Attorney for Defendant*
*Convergent Outsourcing, Inc.*

## **CERTIFICATE OF SERVICE**

I, Maria Boelen, certify that on the 16th day of December, 2022, the foregoing ***Notice of Removal***, was served upon all counsel of record via the Case Management/Electronic Case Filing ("CM/ECF") System.

*/s/ Maria Boelen*
Maria Boelen
